IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                       :
                                             :
LASER REALTY INC.                            :      Case No. 04-12634(ESL)
                                             :
        Debtor                               :      Chapter 7
_____             :
                                             :
NOREEN WISCOVITCH RENTAS,                     :
TRUSTEE FOR LASER REALTY INC.                 :
                                             :
        Plaintiff                            :
                                             :
        v.                                    :      Adv. No. 06-00186
                                             :
VENACIO MARTI SANTA,                          :
JULITA SOLER-VILA and their                   :
CONJUGAL PARTNERSHIP,                         :
                                             :
        Defendants                           :
_____             :

**DECISION AND ORDER**

Pending before the Court is a Motion for Summary Judgment filed by Noreen Wiscovitch Rentas ("trustee") (docket #81) and an Opposition to Summary Judgment filed by the defendants, Venacio Marti Santa, Julita Soler-Vila and their Conjugal Partnership (collectively, "defendants") (docket #83). On September 18, 2006, the trustee filed the instant adversary complaint seeking to avoid and recover fraudulent conveyances under §§ 548 and 550 of the U.S. Bankruptcy Code (Docket #1).

I.    Procedural Background

Laser Realty Inc. ("Laser"), the debtor, filed a petition for bankruptcy under Chapter 11 on December 14, 2004 (Legal Case 04-

12634, docket #1) and later, on October 14, 2005, the case was converted to a Chapter 7. On September 18, 2006, the trustee filed the instant adversary complaint (docket #1). On April 20, 2007, the defendants filed the answer to complaint (docket #22). On June 12, 2007, the trustee filed a motion to substitute party Jane Doe and request for entry of summary judgment (docket #28). Then, on August 14, 2007, the defendants filed an opposition to the motion for summary judgment (docket #32). On August 31, 2007, the trustee filed a reply to the opposition (docket #33).

On May 21, 2008, the Court held a hearing, in which it denied the trustee's first motion for summary judgment (docket #28) based on the finding that material facts were in controversy. The Court allowed the parties to conduct discovery until September 31, 2008, and to file dispositive motions by August 15, 2008 (docket #47).

On March 31, 2009, the trustee filed a second motion for summary judgment with plaintiff's supporting statements of undisputed materials facts (dockets #81 and #82). On April 8, 2009, the defendants filed an opposition to trustee's motion for summary judgment (docket #83). Finally, on April 24, 2009, the trustee filed a reply to the defendant's opposition to the motion for summary judgment (docket #87).

II.  Position of the Parties

A.  Trustee:

The trustee asserts that Laser made 22 transfers, in the total amount of $128,947.28, to the defendants, the year preceding the

petition for bankruptcy for no exchange whatsoever of any service and which caused debtor's insolvency. The transfers were made from December 15, 2003 to December 15, 2004, to pay for the defendants' credit cards. The trustee asserts that the defendants did not have a *bona fide* right to recover these amounts because they did not give Laser anything of value to merit such transfer and thus, the trustee concludes that these transfer are voidable pursuant to § 548(a)(1)(B)(1) of the U.S. Bankruptcy Code. The trustee further concludes, that once the Court finds that they are voidable transfers, the trustee is entitle to recover the amount of $128,947.28, for the benefit of the estate.

On the other hand, the trustee asserts that in the joint pre-trial report filed on September 9, 2009 (Exhibit A, docket #82), the parties stipulated that all the challenged transfers were made within the two-year period prior to Laser's filing for bankruptcy. The trustee also asserts that the payments were for the defendants' personal credit cards (Exhibit G, docket #82). The trustee presented a testimony under penalty of perjury as to the fact that the Laser received no value in exchange for the payments it effectuated in favor of the defendants (Exhibit J, docket #82). The trustee asserts that the defendants, in their proof of claim filed, alleged that the money paid by Laser was to reduce a debt owed to them by Antonio Fernandez and Martha Bertran, Laser's owners, in their personal capacity (Exhibit H, docket #82).

The trustee also argues that when she asked the defendants to

3

provide a copy of the bailment contract between Florida Tube and Laser, whereby the latter was obliged to hold for delivery to defendants certain monies advance by Laser, Mr. Marti responded that no contract existed to his knowledge (Exhibit I). The trustee also asserts that Mr. Marti alleges that the original agreement to sell his stocks in Laser was predicated on Laser guaranteeing the debt of Mr. Fernandez and Mrs. Bertran, but that it was an oral agreement. The trustee contends that no corporate resolution was drafted to evidence the corporation's acquiescence to granting a gratuitous guarantee in the sum of two million dollars for which Laser received no benefit whatsoever (Exhibit H).

The trustee requests that the Court grants the motion for summary judgment, finding constructive fraud in the transfer of Laser's funds to and for the benefit of defendants. Thus, allowing the trustee to avoid such transfers and to order the defendants to pay to the estate the principal sum of $128,947.28, plus interest, costs and attorney's fees.

B. Defendants

The defendants contend that they have consistently alleged and presented documents that demonstrate that the transfers made by Laser on their behalf or for their benefit, were made with funds to which the trustee cannot claim to have a proprietary interest on. The defendants contend that the trustee is suggesting that the mere fact that the payments were made from Laser's checking account, is proof that the funds being transferred were of the exclusive

4

ownership of Laser and not Mr. Fernandez and Mrs. Bertran. This, notwithstanding that in the joint pre-trial report the trustee acknowledged that at least three (3) issues of fact remain to be litigated, including whether the funds transferred were of Laser's property or property of the estate.

They contend that what the Trustee fails to say is that the funds used by Laser to pay the defendants, were being transferred to or deposited into Laser's accounts by Florida Tube Corp. for the specific purpose of covering the payments made to defendants. They contend that it can be ascertained, that Laser received in excess of $360,000.00 in funds from Florida Tube, which the trustee cannot claim as funds belonging to the estate in bankruptcy (Exhibit A, docket #32). They contend that these funds, not property of the estate, were used to pay the defendants in furtherance of the agreements between them  and Mr. Antonio Fernandez, then Laser's President.

The defendants contend that the trustee cannot establish that these transfers were Laser's property because it is undisputed that Laser's Statement of Financial Affairs clearly indicated that its only source of income was from the rent payments it received from Corus Hardware Corp. The defendants assert that this information was corroborated by Laser's President, Mr. Antonio Fernandez, under penalty of perjury, at the Chapter 7 341 Hearings held on 16 November 2005 and 12 December 2005 (November Transcript at pages 35, 42-43, 67-69, 95-103, and December Transcript at pages 15, 33,

5

43-45, 72, docket #469-2, Legal Case #04-12634). They further assert, that by Laser's execution of the Statement of Financial Affairs, under penalty of perjury, it is undisputed that the trustee cannot now claim an interest of Laser's estate in bankruptcy over the funds transferred to its bank account by Florida Tube Corp. because at the time the transfers were made, Laser did not have a rightful claim to ownership of those funds and the trustee cannot now abrogate herself of the rights that Laser did not then have.

The defendants also assert that although the trustee argued in May 2007 that if the payments were issued by Florida Tube Corp. for no consideration then, Florida Tube should have filed a Proof of Claim in Laser's bankruptcy case but, the trustee disregards Laser's own admission that it did not have had a proprietary interest in the funds it received from Florida Tube Corp. The defendants contends that what the trustee is requesting the Court is to determine that because some funds show up in someone's bank account, it automatically means they can claim ownership in those funds and spend them and that just because the checks were issued from Laser's bank account, the funds belonged it.

The defendants contends that the trustee fails to establish the necessary element of an action under §548, were there has to be proof of a transfer of an interest of Laser's property. The defendants further contend that the trustee has brought this action under §548(a)(1)(8)(1) and not under §548(a)(1)(A), and therefore

6

any reference to fraud is irrelevant, as it has not been pleaded in the complaint and none of the documents of record make any reference to any allegations of fraud.

Defendants object to the entry of summary judgment contending that there still remains genuine issues of material facts in controversy and that the trustee has the burden of bringing forth evidence to establish that the transfers sought to be avoided are property of the estate, and has not done so. The defendants request that the Court denies the trustee's motion for summary judgment and to schedule the contested matter for an evidentiary hearing.

III. Discussion

A. Summary Judgment standard:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corporation v. Catrett, 477 U.S. 317 (1986)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. Rijos v. Banco Bilbao Vizcaya (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is

7

deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. at 388. Therefore, "summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandate by the record." Id.

B. Avoidance of Fraudulent Transfer

The trustee may avoid any fraudulent transfer of an obligation of the debtor pursuant to § 548 of the U.S. Bankruptcy Code in the following situations:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
>> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>>
>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any

8

> property remaining with the debtor was an
> unreasonably small capital;
>
> (III) intended to incur, or believed
> that the debtor would incur, debts that
> would be beyond the debtor's ability to
> pay as such debts matured; or
>
> (IV) made such transfer to or for the
> benefit of an insider, or incurred such
> obligation to or for the benefit of an
> insider, under an employment contract and
> not in the ordinary course of business.

11. U.S.C. § 548(b).

The trustee asserts that Laser made some transfers, within the two years before it filed for bankruptcy, for which it received less than a reasonably equivalent value in exchange for such transfer or obligation and was insolvent on the date that such transfer was made. On the other hand, the defendants assert that these monies were owed to them by Mr. Fernandez and Mrs. Bertran, and that the monies paid by Laser to the defendants were first deposited to Laser by a company named Florida Tube Corp., which is not property of the estate. Thus, the defendants argue that the transfers received were  properly paid and they had title to them.

The Court has to determine if there was an agreement between Mr. Fernandez and Mrs. Bertran and the defendants that ascertained the fact that the transfers were made rightfully because money was owed to them, and that the money transferred was property of the estate or if it came from another source. These facts are deemed "material" because it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). The Court must view the evidence in a light most

favorable to the nonmoving party. In re Rijos, 263 B.R. at 388. Therefore, the Court concludes that "summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandate by the record." Id. Finally, the Court concludes that the evidence presented by the trustee does not satisfy the burden of proving that there are no issues of material fact and thus, the Court will schedule a pre-trial hearing.

ORDER

WHEREFORE, IT IS ORDERED that Trustee's Motion for Summary Judgment (Docket #81) is DENIED.

The Pre-trial hearing is hereby schedule for February 5, 2010 at 10:30am.

SO ORDERED.

San Juan, Puerto Rico, this 18th day of November, 2009.

_____<br>ENRIQUE S. LAMOUTTE<br>U.S. Bankruptcy Judge